NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAYS INN WORLDWIDE, INC., | : | Civil Action No. 21-5433-JXN-AME |
| Plaintiff, | : | **REPORT and RECOMMENDATION** |
| v. | : | |
| KARISHMA AASHVI, INC., et al. | : | |
| Defendants. | : | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court upon the plaintiff's unopposed motion to strike the defendants' answer, pursuant to Federal Rule of Civil Procedure 37(b), and for entry of default [ECF 36]. The Honorable Julien X. Neals, U.S.D.J., referred the motion for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). The Court has reviewed the plaintiff's written submissions and issues this Report and Recommendation without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, this Court respectfully recommends that the motion be granted.

**I.    BACKGROUND**

This action arises out of the alleged breach of a franchise agreement and personal guaranty. The following brief synopsis of the underlying facts is drawn from the allegations of the Complaint.[1]

---

[1] The Court's summary of the facts giving rise to this action provides context for this motion and does not constitute a finding as to the truth of the Complaint's allegations.

Plaintiff Days Inns Worldwide, Inc. ("DIW") entered into a franchise agreement with defendant Karishma Aashvi, Inc. on March 24, 2016 (the "Franchise Agreement"), requiring Karishma Aashvi to operate a 98-room guest lodging facility in San Antonio, Texas (the "Facility") as a Days Inn® hotel for a fifteen-year term. (Compl. ¶¶ 12-14.) The Franchise Agreement imposed various obligations on Karishma Aashvi, including the submission of information concerning gross room revenue and payment of recurring fees to DIW throughout the contractual term. (*Id.* ¶¶ 15-18.) It also stated that, should Karishma Aashvi discontinue operating the facility as a Days Inn establishment, DIW had the right to terminate the Franchise Agreement on notice to Karishma Aashvi. (*Id.* ¶ 19.) Individual defendants Nitin Patel, Kamleshkumar Patel, Kamal Hira, Chandni Patel, and Karishma Patel (the "Individual Defendants") executed a personal guaranty in favor of DIW, to take effect as of the date of the Franchise Agreement (the "Guaranty"). (*Id.* ¶ 22.) Pursuant to the Guaranty, the Individual Defendants agreed to perform all obligations of the Franchise Agreement in the event of Karishma Aashvi's default. (*Id.* ¶ 23.)

On or about April 30, 2020, Karishma Aashvi ceased to operate the Facility as a Days Inn establishment. (*Id.* ¶ 25.) Thereafter, DIW sent a letter to Karishma Aashvi asserting that its unilateral decision to discontinue operating the Facility as a Days Inn constituted a premature termination of, and a default of Karishma Aashvi's obligations under, the Franchise Agreement. (*Id.* ¶ 26.) DIW also asserted its right to contractual remedies, including payment of liquidated damages and payment of any outstanding fees . (*Id.*)

On March 16, 2021, DIW filed this action asserting claims for breach of contract and breach of guaranty against, respectively, Karishma Aashvi and the Individual Defendants. (ECF 1.) (Where applicable, the Court will refer to all defendants collectively as "Defendants.")

Defendants filed an Answer to the Complaint on June 23, 2021. (ECF 11.) Following an initial scheduling conference, held pursuant to Federal Rule of Civil Procedure 16, the Court entered a Pretrial Scheduling Order on September 20, 2021, which set a schedule for discovery and the Court's next status conference. (ECF 16.) The Court held several conferences over the course of the following year, including a settlement conference by Zoom on June 23, 2022, in which counsel and the litigants participated. As no negotiated resolution was reached, the Court directed the parties to continue engaging diligently in discovery, extending the fact discovery end date to September 23, 2022. (ECF 21.)

Fact discovery had been initiated shortly after the Rule 16 conference. On November 1, 2021, DIW served Defendants with interrogatories, document requests, and deposition notices. (Cert. of Bryan Couch In Support of Plaintiff's Motion, at ECF 36-2 ("Couch Cert.") ¶ 5.) Although responses to the written discovery demands were provided, DIW identified deficiencies, including a lack of signed certifications for the responses. (*Id.* ¶ 6.) By letter dated February 28, 2022, DIW served a deficiency letter on Defendants' counsel, requesting that the deficiencies be cured and certified responses be provided. (*Id.* ¶ 7 and Ex. B.) On November 11, 2022, Defendants' counsel, Brett M. Butterick, Esq., of the firm Greenspoon Marder, responded to the deficiency letter, advising DIW that counsel's continuous attempts to obtain a substantive response from his clients had been fruitless. (*Id.* ¶ 8 and Ex. C.) Mr. Butterick's letter stated: "I have continuously attempted to contact the Defendants, but have received no substantive response . . . To the extent the client continues its failure to communicate with us, we may seek leave to withdraw as counsel for Defendants." (*Id.*, Ex. C.)

Greenspoon Marder and Mr. Butterick thereafter filed a motion to be relieved as counsel for Defendants, on the grounds that Defendants' failure to communicate and cooperate with counsel rendered it impossible for the attorneys to properly represent them. (Cert. of Brett M. Butterick, at ECF 27-1, ¶ 4.) No opposition or other response to the motion was filed. For good cause shown, the Court entered an order on January 3, 2023 granting counsel leave to withdraw its appearance. (ECF 29.) That order provided Defendants thirty days to retain new counsel. (*Id.*) It expressly warned that, should no attorney enter an appearance by the conclusion of that thirty-day period, Karishma Aashvi would be deemed in default pursuant to Federal Rule of Civil Procedure 55(a), consistent with the requirement that a corporate party may only appear through counsel. (*Id.*) It further warned that, following the thirty-day period, the Individual Defendants would be deemed to enter an appearance *pro se*. (*Id.*) Moreover, to afford Defendants a meaningful opportunity to obtain new counsel, the Court *sua sponte* rescheduled a February 9, 2023 status conference to February 24, 2023. (ECF 30.) The order rescheduling the conference, entered on January 9, 2023, provided the dial-in instructions for the telephonic conference and directed that DIW's counsel serve a copy of the order by regular mail on all Defendants. (*Id.*)

When the Court convened the February 24, 2023 status conference, Defendants remained unrepresented by counsel.[2] Only one of the Individual Defendants, Nitin Patel, appeared for the conference. However, Mr. Patel was not prepared to proceed meaningfully and engage with the discovery matters to be addressed during the February 24, 2023 proceedings. In light of this situation and the failure by all the Individual Defendants to appear, the Court did not proceed with any substantive matters on that date but instead rescheduled the conference to March 30,

---

[2] As such, corporate defendant Karishma Aashvi was, and continues to be, in default. It is well-established that "'a corporation may appear in the federal courts only through licensed counsel.'" *United States v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993)).

4

2023. The Court directed DIW to file a confirming letter on the docket and serve the letter by regular mail on all defendants. The letter was "so ordered" by the Court on March 17, 2023. (ECF 32.) None of the Individual Defendants appeared for the March 30, 2023 conference. Given the repeated failure to appear for Court-ordered conferences and the continuing lack of response to outstanding written discovery requests and deposition notices served by DIW, the Court granted DIW leave to file a motion for sanctions.

DIW filed this motion on May 1, 2023, requesting that the Court strike the Individual Defendants' Answer pursuant to Federal Rule of Civil Procedure 37(b) and enter default against them pursuant to Federal Rule of Civil Procedure 55(a).[3]

## II. DISCUSSION

Federal Rule of Civil Procedure 37(b) authorizes the Court to sanction a party for failure to provide discovery. *See* Fed. R. Civ. P. 37(b). Federal Rule of Civil Procedure 16(f) similarly authorizes the imposition of sanctions for a party's non-compliance with an order "to appear at a scheduling or other pretrial conference" and/or some other pretrial order. Fed. R. Civ. P. 16(f). Under both Rules, sanctions at the Court's disposal include, but are not limited to, "striking pleadings in whole or in part;" "dismissing the action or proceeding in whole or in part;" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A) (enumerating sanctions); Fed. R. Civ. P. 16(f) (incorporating by reference the list set forth in Rule 37(b)). Although the Court has "broad discretion" in determining the "type and degree of sanctions it can impose," the sanctions "must be just and related to the claims at issue." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006).

---

[3] As noted by DIW, this motion is not directed to Karishma Aashvi because it is already in default by virtue of its failure to enter an appearance through counsel.

5

In *Poulis v. State Farm Fire & Casualty Company*, the Third Circuit recognized that "dismissals with prejudice or defaults are drastic sanctions . . . to be reserved for extreme cases." 747 F.2d 863, 867 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). *Poulis* thus identified six factors a court must generally consider before imposing such sanctions. *Id.* at 868. [4] They are:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* (emphasis in original). Although each factor must be applied, no single consideration is determinative, and the Court may impose the sanction of dismissal or default even when all six *Poulis* factors are not satisfied. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The Third Circuit has held that "the decision [to dismiss or enter default] must be made in the context of the district court's extended contact with the litigant." *Mindek*, 964 F.2d at 1373. Whether to impose such sanctions is ultimately a matter of the district court's discretion. *Id*.

The first factor, the party's personal responsibility, weighs heavily in favor of striking the Individual Defendants' Answer and entering default against them. The Individual Defendants

---

[4] However, some courts in this district have observed that a *Poulis* analysis is unnecessary where a party has willfully abandoned his or her case. *See, e.g., Kubo v. Rossi*, Civ. No. 09-4771, 2012 WL 1716240, at *2 (D.N.J. Apr. 25, 2012) ("Although this Court is generally required to engage in a full analysis of the *Poulis* factors, in cases where a party willfully abandons his case, or makes adjudication of a matter impossible, *Poulis* balancing is unnecessary.") (citing *Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir.1994)); *First Nat'l Bank of Arizona v. Majestic Home Mortg.*, Civ. No. 02-2935, 2007 WL 2416452, at *4 (D.N.J. Aug. 21, 2007) (noting a party's pleadings may be stricken, without consideration of the *Poulis* factors, in view of her apparent abandonment of the case). Here, the Individual Defendants' persistent noncompliance with their obligations to participate in Court conferences and to provide discovery, together with their failure to oppose this motion, may be construed as an abandonment of their defense of this action. Nevertheless, the Court will apply the *Poulis* factors to evaluate the appropriateness of the sanctions sought by DIW in its motion.

have neglected their obligations related to the defense of this action, both when represented by counsel and as *pro se* litigants, making it clear they bear personal responsibility for the noncompliance. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d at 920 (finding first prong of *Poulis* analysis militated in favor of sanction defendants, reasoning they were personally responsible for the conduct of the litigation after their counsel withdrew), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022). According to the record, the Individual Defendants disregarded their former counsel's persistent efforts to communicate with them in connection with the defense of this action. Indeed, despite Mr. Butterick's warning that their continued non-compliance with discovery and lack of cooperation would result in his motion to withdraw, the Individual Defendants continued to ignore their responsibilities. Their non-compliance continued after counsel's withdrawal. Over a year after DIW's February 28, 2022 deficiency letter, complete responses to discovery remain outstanding. As *pro se* litigants, Individual Defendants are personally responsible for defending this action, yet they have failed to comply with Court orders, appear for conferences, and provide discovery.

The second factor, prejudice to DIW, also weighs in favor of granting DIW's motion for sanctions. To determine whether a party's failure to meet his litigation responsibilities has caused the opposing party prejudicial harm, the Court considers whether the misconduct "imped[es] a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222. The Individual Defendants' disregard for their discovery obligations prevents DIW from obtaining essential information required to prove their factual allegations, explore potential damages, and investigate the asserted affirmative defenses. Their failure to appear for Court conferences essentially brings this action to a standstill. Due to their failure to engage in

litigation, the Individual Defendants have prevented DIW from prosecuting its claims and impeded its effort to assert rights and remedies under the Franchise Agreement and the Guaranty.

The third factor, which considers Individual Defendants' history of dilatoriness, further supports the imposition of sanctions against them. In *Poulis*, the Third Circuit emphasized the importance of abiding by deadlines and time constraints set by the Federal Rules and by the Court. *Poulis*, 747 F.2d at 868. However, it also made clear that only a pattern of dilatoriness would weigh in favor of striking a party's pleading. *Id.* Here, that pattern is manifest. The Individual Defendants have disregarded DIW's discovery demands, which remain unfulfilled almost two years after first served by DIW, despite DIW's requests that outstanding material be provided. Their inaction and non-responsiveness resulted in the withdrawal of their counsel. Once *pro se*, the Individual Defendants failed to attend Court-ordered conferences, resulting in lost time for the Court and DIW's counsel and delaying any progress in this action.

Fourth, the willfulness or bad faith of the party to be sanctioned weighs heavily in favor of striking the Individual Defendants' Answer. Individual Defendants were expressly notified by former counsel, DIW, and the Court itself of their obligations to provide discovery and appear at conferences. The Court, in particular, provided the Individual Defendants with pointed instructions that, as *pro se* litigants, they were required to proceed with their defense and attend Court proceedings. Each scheduled conference was clearly set forth by Court order, issued well in advance of the proceedings and on notice to all parties. As instructed by the Court following the frustrated February 24, 2023 conference, DIW sent a letter to each Individual Defendant, at their last known address, stating that the Court would convene a telephonic conference on March 30, 2023. Though aware of their obligations, the Individual Defendants have disregarded them.

Fifth, the Court must consider whether any alternative sanctions would be effective. Here, the history and extent of the Individual Defendants' noncompliance with Court orders and with the Federal Rules governing discovery indicates that lesser sanctions would not be effective. The Court has provided numerous opportunities for Individual Defendants to participate in this action, yet they have failed to appear for conferences, engage in discovery, and communicate with opposing counsel and with the Court. Indeed, they have failed to oppose or otherwise respond to this motion for sanctions and offer any argument for consequences less severe than striking their pleading. The Individual Defendants have thus displayed an unwillingness to defend against DIW's claims. In light of the foregoing, it does not appear that alternative sanctions would be effective in curing the prejudice to DIW and encouraging Individual Defendants to fulfill their litigation responsibilities.

Sixth, the meritoriousness of the defenses presents, at best, a neutral factor in this action. Given the Individual Defendants' lack of participation in this matter, including their lack of response to this motion, the Court cannot evaluate the potential merits of their defenses against DIW's claims.

On balance, the *Poulis* factors militate strongly in favor of sanctioning the Individual Defendants under Rule 37(b) by striking their Answer and, consequently, entering default against them. This Court recognizes that a sanction that prevents a litigant from proceeding with a claim or defense is strong medicine. However, in this case, the Individual Defendants' willful and persistent disregard of discovery demands and Court orders, failure to appear for conferences, and overall failure to otherwise participate in the litigation strongly suggests they have essentially abandoned their defense of DIW's claims. Under such circumstances, no lesser sanction than striking the Answer and entering default is appropriate. *See, e.g.*, *Pro Custom*

*Solar, LLC v. Castillo*, Civ. No. 19-12469, 2021 WL 7842376, at *1 (D.N.J. Mar. 8, 2021) (finding the defendants' failure to participate and apparent abandonment of the action warranted sanctions consisting of striking their answer and entering default).

### III.   CONCLUSION

For the foregoing reasons, the sanctions sought by DIW in this motion are warranted. Accordingly, this Court respectfully recommends that the motion be granted and an order entered striking the Individual Defendants' Answer pursuant to Rule 37(b), entering default against them pursuant to Rule 55(a), and providing DIW leave to file a motion for entry of default judgment against all Defendants.

  /s/ André M Espinosa
ANDRÉ M. ESPINOSA
United States Magistrate Judge

Dated:  June 30, 2023